IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

FRELANDRA WOMACK PLAINTIFF

v. Case No.: 6:26-cv-06055

TERESA HOWELL
(Prosecuting Attorney, Hot Spring County);
JARED DAVIS
(Deputy Prosecuting Attorney, Hot Spring County);
GREGORY CAIN
(Public Defender);
DOE JAIL ADMINISTRATOR, HOT SPRING
COUNTY SHERIFF'S DEPARTMENT DEFENDANTS

# ORDER

Before the Court is the Report and Recommendation filed by the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. ECF No. 15. Plaintiff Frelandra Womack has filed objections. ECF No. 18. The Court finds the matter ripe for consideration.

## I. BACKGROUND

On April 20, 2026, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff filed her Complaint in the Eastern District of Arkansas on April 20, 2026. ECF No. 2. It was transferred to this District on May 13, 2026. ECF No. 5. On May 14, 2026, the Honorable Mark E. Ford, United States Magistrate Judge for the Western District, entered an Order directing Plaintiff to submit an Amended Complaint. ECF No. 9. Plaintiff filed an Amended Complaint on May 27, 2026. ECF No. 12. Plaintiff raises three claims in her Amended Complaint. ECF No. 12.

In her first claim, Plaintiff alleges that Defendants Howell, Davis, and Crain engaged in

conspiracy under § 1985(2) from June 24, 2024, though December 5, 2024. ECF No. 12 at 4. Plaintiff alleges that Defendants conspired to deny her access to state court by force, intimidation, or threat because she is African American. Plaintiff alleges that Defendants Davis and Cain held a "coercive interrogation where they forced Plaintiff to waive her right to trial by force, intimidation, or threat." ECF No. 12 at 5. She alleges she suffered because of the conspiracy. Plaintiff provides no factual details as to the interrogation or any conspiracy. Plaintiff describes no physical injury. Plaintiff proceeds against Defendants for this claim in their individual capacities.

In her second claim, Plaintiff alleges that all named Defendants engaged in conspiracy under § 1985(3) and § 1986 from June 24, 2024, though December 5, 2024. ECF No. 12 at 6. Plaintiff alleges that these Defendants conspired to deprive Plaintiff of equal protection under the law, and that the conspiracy was based on "discriminatory hostility toward her protected class of African Americans." ECF No. 12. She alleges she suffered because of the conspiracy. Plaintiff provides no factual allegations to support this statement and instead cites to cases. Further, Plaintiff describes no physical injury. Plaintiff proceeds against Defendants for this claim in their individual capacities.

For her third claim, Plaintiff alleges that from June 24, 2024, though May 21, 2026, and continuing, Defendants Howell, Davis, and Crain violated her rights. ECF No. 12 at 7. She states that Defendants "deprived plaintiff equal protection of the laws under the fourteenth amendment by treating plaintiff who is similarly situated to other, differently (unequal) because of her race and gender (protected class) as an African American woman." ECF No. 12 at 8. Plaintiff alleges that she was treated differently than Melanie George, who is a white woman. Plaintiff states that Melanie George was allowed access to the courts. Other than identifying Melanie George as a

white woman, Plaintiff provide no factual allegations to support this statement. Again, she alleges she suffered because of the conspiracy but describes no physical injury. Plaintiff proceeds against Defendants for this claim in their individual capacities. Plaintiff seeks compensatory and punitive damages. She states that under 42 U.S.C. § 1983, she is entitled to relief.

On June 18, 2026, Judge Comstock issued the instant Report and Recommendation, recommending that Plaintiff's Amended Complaint be dismissed without prejudice. ECF No. 15. Specifically, Judge Comstock found that Plaintiff: (1) failed to provide any factual allegations to support her claims; (2) that two of the named Defendants, Howell and Davis, are absolutely immune as prosecutors from a civil suit for damages under 42 U.S.C. § 1983; and (3) one of the named Defendants, Crain, is not subject to suit under 42 U.S.C. § 1983, because he is a public defender.[1] Plaintiff objects. ECF No. 18.

## II. DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord Local Rule 72.1(VII)(B). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a

[1] *Polk County v. Dodson*, 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings.").

party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger de novo review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether pro se objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). A "clearly erroneous" standard of review applies to the portions of a magistrate judge's report and recommendation to which no objections have been made. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); see also Fed. R. Civ. P. 72 advisory committee's note, subd. (b) (instructing a reviewing court to "satisfy itself that there is no clear error on the face of the record").

On July 31, 2026, after the Court granted a motion for Extension of Time, (ECF No. 16, 17) Plaintiff timely filed objections. ECF No. 18. Plaintiff contends that Judge Ford and Judge Comstock had personal bias against her. ECF No. 18 at 1 and 17. Plaintiff offers no facts that would cause a reasonable person with knowledge of all circumstances to believe that either Judge cannot preside over this case fairly and impartially. Plaintiff offers only conclusory statements. These conclusory claims do not show "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Therefore, those objections are overruled.

Plaintiff states that Judge Comstock erred in finding that Plaintiff failed to provide any factual allegations to support her claims. ECF No. 18 at 3. Plaintiff contends that her original complaint, attachments, affidavits, and exhibits should be reinstated. ECF No. 18 at 4. Plaintiff objects to the dismissal of her complaint and wishes to enter a Motion to Alter or Amend Judgment and Reinstate Original Complaint. ECF No. 18 at 4. Plaintiff states that prosecutors are not entitled to absolute immunity. ECF No. 18 at 5. Plaintiff contends that Judge Comstock failed to

report or recommend against the fourth defendant, Hot Spring County Sherriff's Office Jail Administrator. ECF No. 18 at 5. Finally, Plaintiff states that Defendant Crain is subjected to suit under § 1983. ECF No. 18 at 6.

**1. Prosecutorial Immunity**

"[P]rosecutors are absolutely immune from suits for damages arising out of their official duties in initiating and pursuing criminal prosecutions." *Williams v. Hartje*, 827 F.2d 1203, 1208 (8th Cir. 1987) (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)); *see also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("If the prosecutor is acting as advocate for the state in a criminal prosecution, then the prosecutor is entitled to absolute immunity."). However, "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Here, prosecutors Howell and Davis were acting in their capacity as prosecuting attorneys for the state in a criminal prosecution. Thus, the Court agrees with Judge Comstock that the allegations in Plaintiff's second amended complaint fail to state a cognizable claim upon which relief may be granted against Defendants Howell and Davis, because they are entitled to absolute prosecutorial immunity. Thus, those claims must be dismissed.

**2. Public Defender**

Plaintiff states that Defendant Crain is subject to suit under § 1983. ECF No. 18 at 6. However, Judge Comstock notes that a public defender who represents or represented Plaintiff during her criminal proceedings is not subject to suit under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in

criminal proceedings."). Since Defendant Crain was representing Plaintiff in her criminal proceedings, he was not acting under color of state law. A lawyer representing a client is not, by virtue of being an officer of the court, a state actor "under color of state law" within the meaning of § 1983. *Polk County v. Dodson*, 454 U.S. 312 (1981). The Court agrees with Judge Comstock and finds that this claim must be dismissed.

**3. Complaint**

Plaintiff contends that her original complaint, attachments, affidavits, and exhibits should be reinstated. Plaintiff also objects to the dismissal of her complaint and wishes to enter a Motion to Alter or Amend Judgment and Reinstate Original Complaint. Judge Ford entered an Order regarding the complaint deficiency and ordered the Plaintiff to use the court-approved form for this District within twenty-one (21) days of the date of the order. ECF No. 9. Plaintiff was also admonished that the First Amended Complaint supersedes, or takes the place of, the original Complaint. ECF No. 9. After an amendment, the Court will treat the original Complaint as nonexistent. ECF No. 9. "[I]t is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect." *See In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). Therefore, the First Amended Complaint is the operative filing, and the original complaint has no legal effect. Accordingly, Plaintiff's request to enter a Motion to Alter or Amend Judgment and Reinstate Original Complaint is denied.

**4. Hot Spring County Sherriff's Office Jail Administrator**

Plaintiff contends that Judge Comstock failed to report or recommend against the fourth defendant, Hot Spring County Sherriff's Office Jail Administrator. However, Judge Comstock noted that for her second claim, Plaintiff alleges that all named Defendants engaged in conspiracy under § 1985(3) and § 1986. ECF No. 15 at 2. Although the Hot Spring County Sherriff's Office

Jail Administrator is not specifically named by Judge Comstock in the R&R, this Defendant was necessarily included as a named Defendant because they were included in the case caption of the R&R. ECF No. 15. Judge Comstock stated that Plaintiff failed to provide any factual allegations to support this claim against Hot Spring County Jail Administrator and the other Defendants. ECF No. 15 at 4. After review, the Court agrees that Plaintiff failed to allege factual allegations to support this claim against all named Defendants. *See Martin*, 780 F.2d at 1337 (even a pro se plaintiff must allege specific facts sufficient to support a claim). Therefore, the claim against Defendant Hot Spring County Sherriff's Office Jail Administrator for conspiracy under § 1985(3) and § 1986 must be dismissed. ECF No. 12.

## III. CONCLUSION

Accordingly, after de novo review, the Court finds that the Report and Recommendation (ECF No. 15) should be and hereby is **ADOPTED** *in toto*. Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 5th day of November, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
Senior United States District Judge